Good morning, Mr. Mayor. I'm Kenneth Hiller, appearing for the Appellant. Your Honors, Sallie Mae called my client, Robin Weiss, 774 times using an automated dialing system without her consent. Ms. Weiss sued under the Telephone Consumer Protection Act, and the first thing that Sallie Mae did was to move the state of the action and for the matter to be referred to arbitration. That was their choice. They wanted the arbitration. And the matter proceeded to arbitration, and ultimately the arbitrator issued a substantial award against Sallie Mae. Now they're not so happy with the arbitration system, and they sought to vacate the arbitration award and moved in district court, and the district court in fact vacated the award, and we are now here because we're appealing that determination. At the outset, Your Honor, I would Tell me why the arbitrator didn't engage in a manifest disregard of the law. I mean, it really came down to the period, to the retroactive period. Right. Right. Primarily because there's no Ms. Weiss never gave any actual consent to Sallie Mae to call her with automated dialing system. The sole basis for Sallie Mae saying that they're not liable is because of the Arthur's class settlement, which they're saying precludes Ms. Weiss from bringing a TCPA. She's part of the class, right? She is. She is. And the problem I guess, could you, if you're going back to Judge Walker's question, that would be great. Yes. Yeah. So the problem with class preclusion in this case is that the class notice did not apprise Ms. Weiss of the fact that she was waiving rights to sue under the TCPA for the retroactive period prior to the notice. If you look at the settlement itself, then you get a different result. But I guess what the argument presumably is, even if the arbitrator got it wrong, that's not the test. The test is whether there was manifest disregard of the law. Correct. I mean, you know, there's been a lot of discussion in the papers. Did the arbitrator just totally miss the fact there was a general release in the class settlement agreement? And it's possible. We don't know. We don't, we're not mind readers, but it's possible that he did. But that's not the issue. It's not, the issue is not whether the arbitrator made a factual mistake or something of that nature. The question is whether there is a barely colorable justification for the arbitration award. And the colorable justification is that Ms. Weiss was not given notice in the class notice that she was waiving these rights under the TCPA. There's no indication in the class notice that she was releasing Sally May of any, any claims she might have, none whatsoever. And this circuit has very clearly held that a class notice must apprise a class member of any claims, any, the scope of any release she is giving in the class settlement. There's no mention of, of any general release or waiving any claims except perhaps for future calls. Yeah. And that's what the arbitrator found. That's what the arbitrator found. So the arbitrator was clearly concerned about the class notice. If he missed, if he missed the general release provision, the analysis is really the same from his perspective because the class notice also didn't give her notice that she was giving them a general release. The, the Arthur's District Court did find that the notice was sufficient, but again, we're essentially, Ms. Weiss is collaterally attacking that judgment because she didn't receive sufficient notice under the class notice. Sorry, who made the determination that it was sufficient? The District Court. Oh, the District. The, the, the Washington District Court in the class. They, they, you know, sort of like a boilerplate in every class action settlement. Right, right. The court, the court, the court says it's sufficient. No, no, we've seen enough of those. So, um, is the argument then, or address the argument that by the fact that the presiding court, the court presiding over the class action said the notice was sufficient, does that bind the arbitrator in a way that the arbitrator has to accept that? Otherwise, he, she is more involved? No, no, no, because that's the whole, uh, uh, jurisprudence on collaterally attacking class action settlements when insufficient notice is given. If otherwise, no class action could ever be collateral, collaterally attacked because every class action settlement has, has a provision that the class notice is sufficient. But it wasn't sufficient. It, it did not apprise her that she was releasing Sally May. If the arbitrator found that it was sufficient, we would have appealed on that. We'd be here as, you know, appealing, we'd be moving to vacate the arbitration award. The arbitrator didn't find that. The arbitrator found that the class notice was insufficient. He was within his rights to do that. There's case law in this circuit that allows the collateral attack of a, of a class action settlement if the, uh, class member does not receive sufficient notice. The circuit also states that. And those issues, those legal issues were placed before the arbitrator by the agreement of the parties. Absolutely. That's a statement, but it's a question. That's correct. We stipulated to the, uh, to the arbitrator adjudicating these issues. Thank you very much. Okay. Thank you. Ramos. Good morning, your honors, and may it please the court. My name is Christopher Ramos, counsel for the respondent, Appley Navient Solutions LLC, or NSL, formerly Salimate Inc. So, Mr. Ramos, if the arbitrator, by agreement of the parties, and you can tell me the parties didn't agree to this, was charged with hashing out all of these issues and determining as a part of that, or at least it was foreseeable that the arbitrator would be determining that the notice was insufficient, why isn't the appellee here stuck with that determination by the arbitrator? Your honor, as an initial matter, the arbitrator did not determine that the notice was insufficient, particularly with respect to the general release. The arbitrator's award, in the award the arbitrator expressly stated, and I will quote here, this is at A59, the proof was conclusive that Navient provided Ms. Weiss with the required notice of the settlement and of her rights and obligations under the terms of the settlement. That's right, the rights and obligations, but not the release. There was no notice of the release. There was notice of the release in the settlement, your honor. Yes, but not in the notice. In the notice, that's correct, your honor. The notice apprised Ms. Weiss that if she did nothing, she would lose the right to sue. I would submit to the court that that is sufficient notice of the release of her TCPA claims. Well, that may be, but the arbitrator could take a different view. And then it's not manifest disregard of anything. If he looks at the settlement and he looks at the release and he looks at the notice and he comes up with a colorable explanation for his decision, isn't that sufficient under the manifest disregard doctrine that we have? Well, that's not what happened, your honor. The arbitrator did not look at the release. In fact, the arbitrator's award doesn't mention the release whatsoever. What the arbitrator concluded... Before him. The documents were before him. The documents were before him, your honor, and we briefed extensively to the arbitrator this issue of the release. We made him aware of the law concerning both the applicability of the release to the claim and the binding effect of the Arthur judgment on Ms. Weiss as a class member. When you did that, he was listening to you. I assume so, your honor, and that is why the arbitrator... Why isn't that sufficient then? Just reach a different conclusion. You know, we don't... Maybe he didn't explain it very clearly, but wasn't he, in effect, giving precedence to the notice? No, your honor. The arbitrator didn't explain it at all. What the arbitrator did say in the award was that he found that the notice did not provide... did not apprise Ms. Weiss that she would be... for those calls. Conceptually, that is totally off base. The TCPA, as far as I'm aware, no court has ever acknowledged this notion of implied retroactive consent under the TCPA, and that is not why Ms. Weiss's claims for the calls made prior to the effective date of the settlement are barred. Those claims are barred as a result of the Arthur settlement release. So the arbitrator was wrong. That's what you're saying. What I am saying, your honor... Yes, but I think it's what you're saying. What I'm saying, your honor, is that we clearly briefed to the arbitrator the issue of the release and put it before him. The arbitrator thus was made aware of the relevant contractual provisions, was made aware of the relevant law, and nevertheless ignored those principles, ignored those contractual provisions, ignored the law, and pulled a principle of implied retroactive consent really out of thin air and used that to resolve the case. Is there a risk of going to an arbitrator? Well, no. Our jurisprudence is fairly legion, I think, that the arbitrator, to use the technical term, can screw up the law to a fairly well, and those who choose to be bound by an arbitrator, pursuant to an agreement that they have both signed off on, are stuck with that, even if you had gone one head or the parties had gone before a court of law and the court of law would have said, boy, this is a crazy decision. Your honor, there's no doubt that arbitral awards under the FAA are entitled to deference, but that doesn't mean that they're impervious to judicial review. And this court has overturned arbitral awards in several cases, and they're cited in the brief in Reeve Marine, Harry Hoffman, the Prozig case. And in all of those cases, the reason that the awards are overturned is because the arbitrator ignores express and unambiguous terms of the applicable contract. This is not a case where the arbitrator engaged with the provision of the contract, the release here, and simply resolved it in a manner that didn't make sense or that we disagree with or applied some different contractual principle or principle of contract interpretation. What happened here is that the arbitrator was made aware of the applicable law, was made aware of the applicable contractual provision, and nevertheless disregarded all of those things and instead resolved the case with respect to the calls made prior to the effective date of the settlement on this notion of implied retroactive consent. And that is not a concept that's even recognized under the law interpreting the TCPA. And in addition, the arbitration clause here specifically provides that the arbitrator is, and I will quote from the arbitration clause, the arbitrator... Where are you when you get there? I will let you know, Your Honor. Sorry, one second. I lost my place here. The arbitration clause expressly provides that the arbitrator shall follow applicable substantive law, and that's at A32 in the record. And by being made aware of the applicable substantive law and then failing to apply it in any way, the arbitrator, I would submit, exceeded his powers under the party's arbitration agreement. What was the jurisdiction's law that was applied or should have been applied, in your view? Your Honor... You just referred to the applicable law. What is the applicable law? It's the law interpreting the Telephone Consumer Protection Act, federal law. And I don't mean, and I'm sorry if I was unclear, I don't mean to suggest that the arbitrator applied the law of some other jurisdiction. What I mean to say is that this notion of implied retroactive consent is not one that, as far as I'm aware, has ever been recognized under the TCPA. The TCPA says if you make an auto-dialed call to somebody's cellular phone, that call is not actionable if the person consented. And consent, I think, is by nature forward-looking. The reason that Ms. Weiss's claims here are barred for the calls made prior to the effective date of the settlement is by effect of the Arthur release. Ms. Weiss's argument hinges completely on this idea that the arbitrator somehow concluded that the notice was deficient in some way. You will not find any language in the arbitration award stating that the notice is deficient with respect to the general release. As I mentioned, you won't find the general release mentioned at all. What you will find are the statements I quoted earlier from the award where the arbitrator says that the notice was sufficient to apprise Ms. Weiss of the terms of the settlement. And at A-70, the district court, in considering the motion to vacate, also found that the, I'm sorry, at A-170, the district court also found that the arbitrator concluded that Ms. Weiss received adequate notice of the settlement. And that's a factual finding that's entitled to clear error review. So if there are no further questions, Your Honor, I would ask that the judgment of the district court vacating the arbitration award be affirmed. Thanks, Mr. Ramos. Thank you. Mr. Hiller, you've reserved two minutes. Your Honor, Sally May is focusing on the settlement agreement and is arguing that the arbitrator misinterpreted the settlement agreement. But this isn't just like a contract case where there's a contract and that's all we're looking at here. There's also a class notice. And that is what the arbitrator, that's where he correctly interpreted. That is, in effect, sort of like a contract interpretation. And the arbitrator was clearly concerned. He said nothing in the notice indicates the implied consent was intended to be retroactive. Indeed, the phrasing of both documents suggests prospective effect only. So he was concerned about the notice in his arbitration decision. Your Honors, as you noted, it doesn't really matter if the arbitrator made some sort of factual mistake. If he did misinterpret the, or if he overlooked the agreement, this court has found that more than a mistake of law or clear error in fact-finding is necessary to disturb an award. And that if any justification can be gleaned from the record, the award must be concerned. In this case, there is such a justification because the class notice did not inform Ms. Weiss of the scope of the release that she was granting under the class settlement agreement. Thanks, Mr. Hill. Thank you. We reserve decision.